UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FURKAT CHINIEV,

                    Petitioner,

        v.

CAMMILA WAMSLEY, Seattle ICE
Office Director; and BRUCE SCOTT,
Warden of NWDC,

                    Respondents.

CASE NO. 2:26-cv-01409-TL

ORDER ON MOTION FOR
TEMPORARY RESTRAINING
ORDER

This matter is before the Court on Petitioner's Emergency Motion for Temporary Restraining Order ("TRO") and Stay of Removal. Dkt. No. 7. Having reviewed the motion, Respondents' response (Dkt. No. 15), and the relevant record, the Court DENIES the motion.

A TRO, as with any preliminary injunctive relief, is an extraordinary remedy that is "never awarded as of right." *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting the analysis for a TRO and a preliminary injunction are substantially

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER – 1

identical), *overruled on other grounds by Winter*, 555 U.S. 7. A party seeking a TRO must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of the preliminary relief; (3) a balancing of equities tips in favor of the injunction; and (4) the injunction is in the public interest. *Winter*, 555 U.S. at 20. These four considerations are known as the "*Winter* factors."

When seeking a TRO, "[t]he moving party bears the burden of persuasion and must make a clear showing that it is entitled to such relief." *Dawson v. Asher*, 447 F. Supp. 3d 1047, 1050 (W.D. Wash. 2020) (citing *Winter*, 555 U.S. at 22). All four *Winter* elements must be satisfied for a court to issue a TRO. *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022). "The first factor 'is a threshold inquiry and is the most important factor.'" *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "Thus, a 'court need not consider the other factors' if a movant fails to show a likelihood of success on the merits." *Id.* (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)).

Here, Petitioner has not satisfied the first element, because he has not provided the Court with information upon which the Court can determine that Petitioner is likely to succeed on the merits of his habeas petition. The only assertion made by Petitioner in his motion as to why his petition is likely to succeed is that "Petitioner raises substantial constitutional and procedural claims, including denial of due process and ineffective assistance of counsel." Dkt. No. 7 at 2. But even if the Court were to credit Petitioner's argument that his claims are "substantial," it does not necessarily follow that these claims are meritorious. That Petitioner's amended petition does not include any evidence or documentation to substantiate the claims pleaded therein only compounds the problem. *See generally* Dkt. No. 9 (amended habeas petition).

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER – 2

Because Petitioner has not satisfied the first *Winter* factor, the Court need not reach the other three.

Accordingly, Petitioner's Emergency Motion for Temporary Restraining Order and Stay of Removal (Dkt. No. 7) is DENIED.

Dated this 26th day of May, 2026

Tana Lin
United States District Judge

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER – 3